Filed 5/14/14  P. v. Henderson CA4/1

## NOT TO BE PUBLISHED IN OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

COURT OF APPEAL, FOURTH APPELLATE DISTRICT

DIVISION ONE

STATE OF CALIFORNIA

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>    v.<br><br>ANTOINE D. HENDERSON,<br><br>    Defendant and Appellant. | D064604<br><br><br>(Super. Ct. Nos. SCD223424 &<br> SCD239086) |

APPEAL from a judgment of the Superior Court of San Diego County, Laura W. Halgren, Judge.  Affirmed.

Jill Marnie Klein, under appointment by the Court of Appeal, for Defendant and Appellant.

No appearance for Plaintiff and Respondent.

I.

INTRODUCTION

Appellant Antoine D. Henderson admitted having violated the conditions of his probation with respect to two prior cases.  The trial court imposed a previously stayed

sentence of eight years in prison with respect to one of the cases, and revoked probation as to the other.

Appointed appellate counsel filed a brief presenting no argument for reversal, but inviting this court to review the record for error in accordance with *People v. Wende* (1979) 25 Cal.3d 436 (*Wende*).  After having independently reviewed the entire record for error, as required by *Anders v. California* (1967) 386 U.S. 738 (*Anders*) and *Wende*, we affirm.

II.

FACTUAL AND PROCEDURAL BACKGROUND

In 2009, Henderson was charged with unlawfully selling marijuana (Health & Saf. Code, § 11360, subd. (a))[1] and unlawfully possessing marijuana (§ 11359) in superior court case No. SCD223424.  The information also alleged that Henderson had suffered four prison priors (Pen. Code, §§ 667.5, subd. (b), 668) and a prior serious or violent felony (Pen. Code, §§ 667, subds. (b)-(i) & 1170.12).  In 2010, Henderson entered a "plea to the sheet."  At sentencing, the trial court struck the prior strike allegation and sentenced Henderson to the middle term of three years on count 1, plus one year for each of the four prior prison allegations, for a total of seven years.  The trial court imposed the middle term on count 2, which the court stayed pursuant to section 654.  The trial court

---

[1]     Further statutory references are to the Health and Safety Code unless otherwise specified.

suspended execution of the sentence and placed Henderson on formal probation for a period of three years.

In September 2010, the San Diego County probation department filed a report of rearrest, based on Henderson's possession of a controlled substance and his failure to submit a valid sample for testing for use of controlled substances. Approximately a month later, Henderson admitted that he had violated the conditions of his probation. The trial court revoked, modified, and reinstated probation. Henderson agreed to waive past, present and future presentence custody credits.

In March 2012, Henderson was charged with one count of possessing methamphetamine (§ 11377, subd. (a)); one count of possessing methamphetamine for sale, while armed with a handgun (§ 11378; Pen. Code, § 12022, subd. (c)); one count of unlawfully possessing methamphetamine while armed with a loaded firearm (§ 11370.1, subd. (a)); and one count of unlawfully carrying a loaded firearm (Pen. Code, § 25850, subd. (a)) in case No. SCD239086. As to the charge of possessing methamphetamine for sale, the information also alleged that Henderson had suffered two prior violations of section 11379. The information further alleged that Henderson had suffered four prison priors (Pen. Code, §§ 667.5, subd. (b), 668) and a prior strike offense (Pen. Code, §§ 667, subds. (b)-(i), 1170.12). The four new charges in case No. SCD239086 all arose out of an incident that occurred on February 6, 2012.

In that case, Henderson agreed to plead guilty to one count of transporting methamphetamine in violation of section 11379, subdivision (a) (which was added to

3

charges by amendment)), and also agreed to admit to having suffered two prior section 11379 convictions, within the meaning of section 11370.2, subdivision (a), in exchange for dismissal of the remaining counts and allegations and an agreed upon sentence of eight years in prison, to be stayed.

After having found Henderson ineligible for drug court, in July 2012, the trial court sentenced Henderson to the low term of 2 years, plus an additional three years each for the two prior violations of section 11379 allegations, for a total term of eight years. The trial court suspended execution of the sentence and placed Henderson on formal probation for three years.

In November 2012, probation reports filed in both Nos. SCD223424 and SCD239086 alleged that Henderson had violated the terms and conditions of his probation by failing to report to his probation officer as directed. In February 2013, Henderson admitted the probation violation, acknowledging that he had failed to remain in contact with his probation officers. The trial court revoked and reinstated probation in both cases.

The probation department filed a report of rearrest on March 18, 2013, in case No. SCD239086. The report alleged that Henderson had violated probation by failing to remain law abiding, failing to submit his person or property to a search, and failing to report any change of address or employment to his probation officer. The report further alleged that on March 6, 2013, Henderson had been booked into the county jail and charged with transporting or furnishing a controlled substance, in violation of section

4

11379, subdivision (a); possessing a controlled substance for sale, in violation of section 11378; and possessing a controlled substance, in violation of section 11377, subdivision (a).

On May 6, 2013, Henderson admitted violating probation in case Nos. SCD223424 and SCD239086, in exchange for the dismissal of his most recent case (case No. SCD246722). At that time, the prosecutor stated, "The consequence of all this . . . is that [Henderson] will be sentenced to eight years in state prison." The trial court revoked probation in case Nos. SCD223424 and SCD239086. At sentencing on August 7, the trial court imposed the previously stayed eight-year sentence in SCD239086, and terminated probation in case No. SCD223424.

Henderson filed a timely notice of appeal in case Nos. SCD223424 and SCD239086.

## III.

## DISCUSSION

Appointed appellate counsel has filed a brief summarizing the facts and proceedings in the trial court. Counsel presented no argument for reversal but invited this court to review the record for error in accordance with *Wende*, *supra*, 25 Cal.3d 436. Pursuant to *Anders*, *supra*, 386 U.S. 738, counsel identified the following as possible, but not arguable, issues:

> (1) "Did appellant receive sufficient notice of the claimed probation violation in case SCD223424?"

5

(2) "Was the trial court required to elicit from appellant waivers of his constitutional rights prior to accepting his admission of the probation violation?"

(3) "Was appellant properly sentenced in accordance with the plea agreement?"

After this court received counsel's brief, we gave Henderson an opportunity to file a supplemental brief. He did not do so.

A review of the record pursuant to *Wende*, *supra*, 25 Cal.3d 436 and *Anders*, *supra*, 386 U.S. 738, including the issues suggested by counsel, has disclosed no reasonably arguable appellate issue. Henderson has been adequately represented by counsel on this appeal.

IV.

DISPOSITION

The judgment of the trial court is affirmed.

_____

AARON, J.

WE CONCUR:

_____

McDONALD, Acting P. J.

_____

IRION, J.

6